FILED by **TM** D.C.
ELECTRONIC

Nov 15, 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**12-80212-CR-RYSKAMP/HOPKINS**
Case No. _____

18 U.S.C. § 1349

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD RICHARD FRENCH, JR.,

    Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### COUNT 1
### (Conspiracy to Commit Mail and Wire Fraud: 18 U.S.C. § 1349)

1. From on or about March 26, 2008, through on or about November 30, 2011, the exact dates being unknown to the United States Attorney, at Boca Raton, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**DONALD RICHARD FRENCH, JR.,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with other persons known and unknown to the United States Attorney to commit certain offenses against the United States, that is:

    a. to knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent

pretenses, representations, and promises, knowing that they were false and fraudulent when made, and knowingly causing to be delivered certain mail matter by the U.S. Postal Service and by private and commercial interstate carrier, according to the directions thereon, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1341; and

b. to knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and knowingly transmitting and causing to be transmitted certain wire communications in interstate and foreign commence, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1343.

## PURPOSE AND OBJECT OF THE CONSPIRACY

2. It was the purpose and object of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by seeking to obtain millions of dollars through the operation of a Ponzi scheme in which victims were falsely and fraudulently promised quick and substantial returns on their investment.

## MANNER AND MEANS OF EXECUTING THE SCHEME

The manner and means by which the defendant and his co-conspirators sought to accomplish the object of the conspiracy included, among others, the following:

3. Defendant **FRENCH** caused the creation of the limited partnership "D3 Funds, LP"(D3 Funds), a purported investment business. D3 Funds had its primary place of business in Boca Raton, Florida.

4. In April 2008, defendant **FRENCH** opened a bank account at Wachovia Bank, in Deerfield Beach, Florida, for D3 Funds.

5. Defendant **FRENCH** caused the creation of a prospectus for D3 Funds which was given to potential investors. The prospectus falsely and fraudulently stated that the defendant had extensive experience and expertise in financial services and consulting and that the management fee for investments would not exceed 2% of the total investment. The prospectus, supplemented by false and fraudulent oral representations made by defendant **FRENCH** and his co-conspirators, led investors to believe that their monies, minus the 2% management fee, would be invested in legitimate investment vehicles.

6. To create an aura of legitimacy for the scheme, defendant **FRENCH** represented in the prospectus that D3 Funds was part of a larger corporate enterprise, with connections, for investment purposes, to D3 Capital Management, LLC., another Delaware corporation, as well as two Panamanian companies – D3 Capital Management (Panama), S.A. and Market Watch Consulting.

7. Defendant **FRENCH** and his co-conspirators solicited investors in Florida, Massachusetts, and Michigan. Defendant **FRENCH** and his co-conspirators made numerous false and fraudulent oral representations to investors to induce them to invest, including that D3 Funds investments would provide high rates of return, ranging anywhere from 15% to as much as 50%. Defendant **FRENCH** told some investors that their investments would be protected or guaranteed against loss and that they would quickly receive a high rate of return. To encourage others to invest, defendant **FRENCH** characterized the investment as a loan. The investment packages were often mailed to victim investors using the United States mail.

8. Defendant **FRENCH** and a co-conspirator created fraudulent web based monthly account

statements which purportedly informed the victim investors of the status of their investments. Although the account statements, which the victim investors accessed online using a user name and password, accurately reflected the amount of money the victims had invested with D3 Funds and any withdrawals made by the investors, the statements falsely reflected that the investments had generated large profits, when, in truth, they had not. The fraudulent account statements also falsely minimized the amount of money taken from the accounts by defendant **FRENCH** and his co-conspirators for their personal benefit. Defendant **FRENCH** used these falsely reported profits as a basis to solicit further investments from the victims.

9. Although he represented that approximately 98% of the monies given to D3 Funds were to be invested, defendant **FRENCH** used only a small percentage of that money for actual investment. While defendant **FRENCH** made some relatively small investments, such as in the foreign currency exchange, almost the entirety of those investments was withdrawn shortly after being made.

10. On occasion, victims requested the return of all or a portion of their investments. In such cases, defendant **FRENCH** would either stall the victims by falsely stating that the investment was tied up or frozen by the government or use funds obtained from other victims to pay the requesting victims. Defendant **FRENCH** would characterize such payments as either interest payments or as loans which the investors were obligated to repay.

11. During the course of the scheme, defendant **FRENCH** defrauded more than 50 victims out of more than $10 million, the majority of which was spent on himself and his co-conspirators, including approximately $1.5 million which he spent on check/debit card purchases for personal living expenses and approximately $689,900 for casino gambling debts. Defendant **FRENCH** also

made numerous cash withdrawals of approximately $1.3 million from the investment accounts.

All in violation of Title 18, United States Code, Section 1349.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
KERRY S, BARON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| DONALD RICHARD FRENCH, JR. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendant.** _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

___ Miami ___ Key West
___ FTL  _X_ WPB  ___ FTP

New Defendant(s)           Yes _X_   No ___
Number of New Defendants         _1_
Total number of counts           ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    _NO_
   List language and/or dialect  _____

4. This case will take  _2_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    0 to 5 days       _X_          Petty      ___
   II   6 to 10 days      ___          Minor      ___
   III  11 to 20 days     ___          Misdem.    ___
   IV   21 to 60 days     ___          Felony     _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)   _NO_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   _YES_
   If yes:
   Magistrate Case No.                  12-MJ-08290-DLB
   Related Miscellaneous numbers:       N/A
   Defendant(s) in federal custody as of 09/28/2012
   Defendant(s) in state custody as of  _____
   Rule 20 from the  _____   District of  _____

   Is this a potential death penalty case? (Yes or No)   _NO_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    Yes ___   X   No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    Yes ___   X   No

_____
KERRY BARON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. A5500040

*Penalty Sheet(s) attached                                      REV 4/8/08

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** DONALD RICHARD FRENCH, JR.

**Case No.:** _____

**Count: #1**

Conspiracy to commit mail and wire fraud.

18 U.S.C. § 1349

*** Max.Penalty:**    20 years imprisonment; 3 years supervised release; restitution; and $250,000 fine.